UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re ALIAH TRUST | * * * | Case No. 1:22-mc-91116-IT |

ORDER

April 22, 2022

TALWANI, D.J.

On March 10, 2022, Nathan McGuire filed a motion to register what purports to be a foreign judgment. Mot. to Register Foreign Judgment [Doc. No. 1]. The motion states that "[t]he following Notarial Protest effectively creating a valid administrative judgment as a Certification of Commercial Tort Claim and Lien is admitted with clean hands in good faith" and requests that court register the purported judgment under 28 U.S.C. § 1963. Id. In addition, McGuire has attached a seventy-eight-page collection of various documents, many of them notarized, that purport to form the basis for this "administrative judgment" in the amount of $16,860,000. See Exhibits [Doc. Nos. 1-1, 1-2, 1-3].

The cited statute provides for the registration of foreign judgments awarded "in an action for the recovery of money or property," but it applies only to judgments of other federal courts of appeals, district courts, bankruptcy courts, and the Court of International Trade. See 28 U.S.C. § 1963. Registration is accomplished by filing a certified copy of the federal judgment. Id.

McGuire does not allege that the "administrative judgment" he obtained was a judgment of another federal court, nor has he submitted a certified copy of the alleged judgment. And having reviewed the documents attached to McGuire's motion, the court finds no indication that the purported foreign judgment was issued by a federal court.

      As McGuire has failed to establish the existence of a judgment that is enforceable through the federal registration statute, the motion is DENIED.

      IT IS SO ORDERED.

April 22, 2022                                                /s/ Indira Talwani  
                                                                     United States District Judge